# EXHIBIT 1

Clerk of the Superior Court
*** Electronically Filed ***
M. Owen, Deputy
2/11/2025 10:22:35 AM
Filing ID 19316606

Shannon L. Clark (019708)
Timothy S. Newman (038869)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8015
Facsimile: (602) 530-8500
slc@gknet.com
Timothy.Newman@gknet.com

*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| VANN PARRY,<br><br>    Plaintiff,<br><br>vs.<br><br>PAPER MAGIC GROUP, LLC, a foreign limited liability company; CSS INDUSTRIES, INC., a foreign corporation; IG DESIGN GROUP AMERICAS, INC., a foreign corporation; TARGET STORES, INC., a foreign corporation; JOHN and JANE DOES I—X; ABC BUSINESS ENTITIES I—X,<br><br>    Defendants. | No. CV2025-005343<br><br>**COMPLAINT**<br><br>**(Tort – Non-Motor Vehicle; Strict Products Liability; Negligence)**<br><br>**(Tier 3)**<br><br>**Jury Trial Demanded** |

Plaintiff, for his Complaint against Defendants, alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiff Vann Parry ("Plaintiff") is a resident of Maricopa County, Arizona.

2.     Defendant Paper Magic Group, LLC ("PMG"), is a Pennsylvania limited liability company with its principal place of business in Pennsylvania that designs, manufactures, and/or distributes seasonal paper products, including the paper mask (the "Subject Mask") at issue in this action.

///

Gallagher & Kennedy, P.A.
2575 East Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225
(602) 530-8000

3. Upon information and belief, PMG is a subsidiary of Defendant CSS Industries, Inc. ("CSS"), a Delaware corporation with its principal place of business in Pennsylvania, and IG Design Group Americas, Inc. ("Design Group"), a Georgia corporation with its principal place of business in Georgia.

4. Upon information and belief, CSS and Design Group may have manufactured the Subject Mask and/or otherwise been in the chain of distribution of the product.

5. Upon information and belief, PMG, CSS, and Design Group routinely design, market, distribute and/or sell consumer products (including the Subject Mask) to retailers throughout Arizona, including Maricopa County.

6. PMG, CSS, and Design Group either individually or through its agents placed the Subject Mask into the stream of commerce with the expectation and intent that it would be purchased by consumers in Arizona, including those in Maricopa County.

7. Through their regular and systematic business activities, PMG, CSS, and Design Group have established substantial connections with the State of Arizona to satisfy the minimum contacts requirement under the United States Constitution and Arizona's long-arm statute and to establish that this Court's exercise of jurisdiction over PMG, CSS, and Design Group does not offend traditional notions of fair play and substantial justice.

8. Defendant Target Stores, Inc. "Target" is a Minnesota corporation duly registered with the Arizona Corporation Commission that has purposefully availed itself of the privilege of conducting business and activities in the State of Arizona, including Maricopa County.

9. Target, at all relevant times, conducted business within the State of Arizona through its network of retail stores throughout Arizona, including Maricopa County.

10. Defendants John and Jane Does I—X and ABC Business Entities I—X (the "Fictitious Defendants") are persons and entities whose relationships to the named Defendants or whose acts or omissions, give rise to legal responsibility for the damages incurred by Plaintiff, but whose true identities are unknown to Plaintiff at the present time. These persons and entities are hereby notified of Plaintiff's intention to join them as defendants if, and when additional investigation or discovery reveals the appropriateness of such joinder. Plaintiff will seek leave of the Court to substitute their true names accordingly

2

when the true and correct names of these business entities are learned.

11.    Upon information and belief, all Fictitious Defendants were residents of the County of Maricopa, State of Arizona; and/or were organized and existing under the laws of Arizona and doing business in the State of Arizona; and/or were foreign corporations, and/or business entities qualified to do business within the State of Arizona, and actually doing business on the date of the subject incident.

12.    The acts and/or omissions alleged in this Complaint and giving rise to Plaintiff's cause of action occurred in Maricopa County, Arizona

13.    Venue is proper in this Court pursuant to A.R.S. § 12-401.

14.    The amount in controversy is within the jurisdictional requirements of this Court.

### FACTUAL ALLEGATIONS

15.    All allegations above are incorporated by reference as if fully set forth herein.

16.    On or about February 12, 2016, Plaintiff, who was nine years old at the time, was wearing a "Marvel: Age of Ultron" paper mask (the "Subject Mask") in a normal and foreseeable manner.

17.    The Subject Mask was designed and intended for use by children and distributed by PMG.

18.    Plaintiff's family purchased the Subject Mask at a Target retail store.

19.    The Subject Mask was constructed of a paper or cardboard-like material and included an elastic strap that looped around the back of the wearer's head.

20.    The elastic strap was attached to each side of the mask's face by a staple or grommet (the "fastening mechanism").

21.    On or about February 12, 2015, while Plaintiff attempted to remove the Subject Mask, the fastening mechanism failed, tearing through the flimsy, unreinforced cardboard mask material, and detaching from the front of the mask.

22.    As a result of this failure, the elastic strap snapped back and struck Plaintiff in the left eye, with the staple or grommet still attached to the strap.

23.    As a result, Plaintiff suffered serious and permanent injuries.

///

3

## COUNT ONE

### Strict Products Liability

24. All allegations above are incorporated by reference as if fully set forth herein.

25. At all relevant times, Defendants were in the business of designing, manufacturing, assembling, testing, marketing, packaging, distributing, selling, and/or placing into the stream of commerce the Subject Mask.

26. Defendants owed a duty to consumers, including Plaintiff, to design, manufacture, market, and sell a reasonably safe product and to provide adequate warnings regarding any risks associated with its use.

27. The Subject Mask reached Plaintiff without substantial change in its condition from the time in left Defendants' possession and control.

28. The Subject Mask was defective and unreasonable in one or more of the following ways

    a. The Subject Mask was defectively designed such that its fastening mechanism was prone to failure during normal, foreseeable use, thereby posing a risk of injury;

    b. The Subject Mask, or its fastening mechanism, was defectively manufactured such that it failed during normal, foreseeable use, causing it to detach and strike Plaintiff's eye;

    c. Defendants failed to provide adequate and conspicuous warnings or instructions regarding the possibility that the fastening mechanism would fail and the related risk of eye injury or other harm.

29. Plaintiff used the Subject Mask in a manner that was reasonably foreseeable and intended by Defendants, and Defendants knew or should have known that children of Plaintiff's age would use the Subject Mask in that manner.

30. As a direct and proximate result of the Subject Mask's unreasonably dangerous and defective condition, Plaintiff suffered serious and permanent injuries, and incurred damages such as medical expenses, pain and suffering, emotional distress, hedonic damages, and will continue to incur damages in the future.

///

4

31. By reason of the foregoing, Defendants are strictly liable for all damages caused by the defects in the Subject Mask.

## COUNT TWO

### Negligence

32. All allegations above are incorporated by reference as if fully set forth herein.

33. Defendants owed a duty to consumers, including Plaintiff, to design, manufacture, market, and sell a reasonably safe product and to provide adequate warnings regarding any risks associated with its use.

34. Defendants breached their duty of reasonable care, including but not limited to the following ways:

    a. Failing to design the Subject Mask in a manner that would prevent the fastening mechanism from failing during normal use;

    b. Allowing manufacturing defects to occur or to remain uncorrected and causing the Subject Mask to be more susceptible to failure;

    c. Failing to adequately test, inspect, or otherwise ensure the Subject Mask was safe;

    d. Failing to provide adequate warnings or instructions about the potential risk of injury if the fastening mechanism failed;

    e. Placing the Subject Mask into the stream of commerce without exercising reasonable case to ensure it was safe for consumers.

35. Plaintiff used the Subject Mask in a reasonably foreseeable manner, and Defendants knew or should have known of the risks of injury associated with the Subject Masks' design, manufacture, and/or instructions.

36. As a direct and proximate result of the Defendants' negligence, the Subject Mask failed during normal use.

37. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered the damages described in Count One above.

## JURY TRIAL DEMAND AND TIER DESIGNATION

38. Plaintiff demands a trial by jury in this matter.

///

5

39.    Pursuant to Ariz. R. Civ. P. 8 and 26.2, Plaintiff certifies he has sustained damages in an amount to qualify for Tier 3 designation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For general compensatory damages in an amount to be proven at trial;

2.    For special damages in an amount to be proven at trial;

3.    For Plaintiff's costs incurred and to be incurred herein;

4.    For interest on the above sums from the date of judgment until paid; and

5.    For such other and further relief as the Court and jury deem just and proper.


DATED this 11th day of February, 2025.


GALLAGHER & KENNEDY, P.A.


By: /s/ Timothy S. Newman
        Shannon L. Clark
        Timothy S. Newman
        2575 East Camelback Road, Suite 1100
        Phoenix, Arizona 85016
        Attorneys for Plaintiff

6